BY THE COURT.
That the plaintiff neglected to provide a frame on which to do the work, is one substantive defence: the denial of the plaintiff’s readiness to accept the work, may possibly be the negative of the same defence; but that the plaintiff refused to accept the work, is a distinct matter, repugnant to the denial of his readiness, inasmuch as it supposes the readiness, the offer to perform, and the refusal. There being then two distinct matters in the plea, not dependent upon each other, makes the plea bad for duplicity. If, therefore, the declaration is good, the court was wrong in overruling the demurrer.
Is the declaration good? It sets out the contract, and avers a general readiness to receive the work. This is insufficient; where the performance of the defendant depends upon an act of the plaintiff, he should aver the performance of the act distinctly as essential to his title to recover, with notice to his adversary, unless the act be such that he is bound to take notice of it. We think this case one of the kind; and that the plaintiff was bound .to aver the existence, or preparation of the frame of the barn, on which the work was to be done; and, as the contract designates no place where it ,was to be done, that the defendant had notice. We think the omis *398 sion of this averment vitiates the declaration, and that the demurrer was properly overruled.
The judgment is affirmed.